# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Aaron A. Benner,

          Plaintiff,

v.

Saint Paul Public Schools, I.S.D. #625
et al.,

          Defendants.

Case No. 0:17-cv-01568-SRN-KMM

**ORDER**

The Plaintiff, Aaron Benner, alleges that the Defendants, Saint Paul Public Schools Independent School District #625 and Lisa Gruenewald, discriminated against him on the basis of his race; retaliated against him for engaging in protected activity; and constructively discharged him from his employment as a teacher. Mr. Benner contends that this discrimination and retaliation occurred after he voiced opposition at a School Board meeting in May of 2014 to the School District's implementation of a "racial equity" policy. He claims that after he stated his opposition to the policy, he was singled out for investigations, discipline, and transfer. Mr. Benner's case is now before the Court on his motion to compel discovery from the Defendants.

### The Comparator Discovery Dispute

Mr. Benner asserts that the unlawful purpose of the School District's actions is demonstrated by the fact that it did not investigate or discipline other teachers when it received complaints about conduct that was similar to that for which he was targeted. To obtain evidence of such disparate treatment, Mr. Benner requested that the Defendants produce information in discovery about complaints made against other comparator teachers and the School District's response to those complaints.

The parties disagree on the proper scope of such comparator discovery. On July 12, 2018, the Court addressed this issue through its informal discovery dispute resolution process. In an effort to balance the interests of both sides, the Court required the Defendants to provide "four years of information about investigations of other staff members at Mr. Benner's former school … in a chart form that protects the privacy interests of other staff members." Min. of July 12, 2018 Tel. Hr'g, ECF No. 54. On August 27, 2018, the Defendants produced a final version of the chart that was prepared by defense counsel following the Court's telephonic hearing. Madia Decl., Ex. D, ECF No. 58-20.

Mr. Benner now asserts that the chart provided by the Defendants was insufficient for purposes of this litigation and that the Defendants have failed to provide sufficient comparator discovery as required by the Federal Rules of Civil Procedure. Three document requests have been placed in issue by Mr. Benner's motion.[1] These requests read as follows:

> REQUEST NO. 18: All complaints from any source regarding any teacher employed at Johnson Elementary from January 1, 2010 to present.

> REQUEST NO. 30: All documents referring or relating to any investigation you initiated regarding any teacher's conduct at Johnson Elementary from January 1, 2013 through December 31, 2016.

> REQUEST NO. 31: All documents referring or relating to any oral or written reprimands you gave any teacher at Johnson Elementary from January 1, 2013 through December 31, 2016.

---

[1]    In the memorandum in support of Mr. Benner's motion, he also identified two interrogatories that sought information about possible comparators. Pl.'s Mem. at 8 (quoting Interrogatories 14 and 15), ECF No. 59. At the hearing, Mr. Benner's counsel confirmed that the plaintiff has otherwise obtained the information sought by these interrogatories and withdrew the request for supplemental answers. Therefore, this Order does not require any supplementation of interrogatory answers by the Defendants.

Pl.'s Mem. at 9.

### *Limitations Confirmed at the Hearing*

During the hearing, the Court discussed with plaintiff's counsel the scope of documents Mr. Benner wants the Defendants to produce in response to these requests. Referencing the August 27, 2018 chart, plaintiff's counsel confirmed that Mr. Benner: (1) is only interested in obtaining documents about other teachers (both tenured and probationary); (2) he not seeking to expand the production beyond the four-year period established during the Court's informal discovery dispute resolution proceedings; and (3) he does not seek documents for teachers at other schools. A total of 15 teachers are identified on the August 27th chart.

### *Discussion*

With these limitations in mind, the Court concludes that Mr. Benner is entitled to an Order, pursuant to Federal Rule of Civil Procedure 37, compelling the production of documents. Courts recognize that "[i]in employment cases, proof of unlawful discharge by indirect or circumstantial evidence underscores the need for broad discovery." *Sturge v. Nw. Airlines, Inc.*, No. 05-cv-1665 (DSD/SRN), 2010 WL 1486493, at *1 (D. Minn. Apr. 13, 2010); *see also Wagner v. Gallup, Inc.*, No. 12-cv-1816 (JNE/TNL), 2013 WL 11897797, at *3 (D. Minn. Sept. 18, 2013) ("Proving unlawful discrimination might require indirect, inferential, or circumstantial evidence, which accentuates the need for broad discovery."). This means that "a plaintiff may offer comparator evidence to show that they were treated differently than other employees who were 'similarly situated in all relevant respects' for committing 'infractions of comparable seriousness.'" *McKey v. U.S. Bank Nat'l Ass'n*, No. 17-cv-5058 (JRT/DTS), 2018 WL 3344239, at *2 (D. Minn. July 9, 2018) (quoting *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1084–85 (8th Cir. 2013)); *see also Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 516–17 (D. Minn. 1997) (indicating that discovery concerning other employees is generally "limited to employees who are similarly situated to the Plaintiff"). However, "the plaintiff is not required to compare herself to employees

who engaged in the exact same offense." *McKey*, 2018 WL 3344239, at *2 (internal quotation marks omitted).

Here, the Court finds that the 15 teachers who are identified on the Defendants' August 27, 2018 chart are sufficiently similarly situated to Mr. Benner for purposes of discovery. To obtain comparator evidence he may use to prove his claim, Mr. Benner is entitled to receive documents concerning any complaints, investigations, and reprimands for these teachers. The documents at issue are relevant to Mr. Benner's claims as well as Defendants' defenses and they are proportional to the needs of the case, with the Court placing significant emphasis on considerations of the importance of the discovery in resolving the issue and the parties' relative access to relevant information. *See* Fed. R. Civ. P. 26(b)(1).

The Defendants' arguments that the information discussed above should not be discoverable are unpersuasive. First, Defendants contend that documents showing complaints, investigations, and reprimands or discipline for probationary teachers and teachers who worked for a different principal are not discoverable because those individuals are not similarly situated in all relevant respects to Mr. Benner. Even if the District Court ultimately determines that these individuals are not valid comparators, that does not mean they are not discoverable. In support of their "same supervisor" argument, Defendants rely upon language in appellate cases describing the "similarly situated" analysis when reviewing district court orders granting summary judgment or judgment as a matter of law. Defs.' Mem. at 18–19 (citing *Edwards v. Hiland Roberts Dairy, Co.*, 860 F.3d 1121 (8th Cir. 2017) (summary judgment appeal); *Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605 (8th Cir. 2014) (summary judgment appeal); *Bone v. G4S Youth Servs.*, LLC, 686 F.3d 948 (8th Cir. 2012) (summary judgment appeal); *Clark v. Runyon*, 218 F.3d 915 (8th Cir. 2000) (appeal from judgment as a matter of law)). Similarly, Defendants cite summary-judgment decisions in support of their position that discovery regarding any probationary teacher should be foreclosed. *See* Def.'s Mem. at 20–21 (citing *Linton v. Carter*, No. 1:14-cv-1520, 2015 WL 4937447 (E.D. Va. Aug. 18, 2015) (summary judgment decision); *Maples v. City of Madison Bd. of*

*Educ.*, No. 5:14-cv-01031-TMP, 2016 WL 5848883 (N.D. Ala. Oct. 6, 2016) (summary judgment decision)).

Though such decisions are not entirely inapposite, they do not directly address the issue of the proper scope of comparator discovery. As recently explained by a decision from this District, the "standard a plaintiff must meet at the summary judgment stage for the court to draw a favorable inference … on the issue of pretext" by the use of comparator evidence "does not define the limits of discovery." *McKey*, 2018 WL 3344239, at *2 n.2. Fully adopting the rigorous summary-judgment standard for defining the field of valid comparators as the controlling test for determining the proper scope of discovery too narrowly circumscribes a plaintiff's ability to obtain evidence that may be needed to prove a case of an unlawful employment action. Given that comparator evidence is generally relevant to a plaintiff's claims in an employment discrimination case, plaintiffs, defendants, and district courts wrestling with the scope of comparator discovery have to draw reasonable lines based on the appropriate considerations in a given case. *See* Fed. R. Civ. P. 26(b)(1), advisory committee notes to 2015 Amendment ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

Second, Defendants contend that Mr. Benner should not receive discovery about any other teacher whose alleged misconduct was "qualitatively different" from or "more serious" than his own. Defs.' Mem. at 24–28. Again, the Court concludes that even if Defendants ultimately prevail on their arguments that the other 15 teachers at issue in this case are not valid comparators, the Court is not persuaded that such a possibility defines the outer boundaries of discoverability in this case. For one thing, Defendants alone have access to the information from which they have advanced their arguments that the conduct at issue may be different from or worse than Mr. Benner's alleged misconduct. One side's view of the importance or meaning of information in its possession should not unilaterally control the limits of discoverability. Moreover, contrary to Defendants' suggestion, information pertaining

to other teachers who were, like Mr. Benner, actually investigated may be useful in the context of this case. Even if these other teachers will not ultimately be valid comparators, in light of Mr. Benner's theory that the Defendants only engaged in comparable investigations when more significant allegations of misconduct were at issue could be useful in suggesting that the handling of Mr. Benner's conduct was based on something other than legitimate employment reasons.

Finally, the Court acknowledges there are privacy interests implicated by requiring the production of documents concerning non-party employees.[2] However, as defense counsel candidly acknowledged at the hearing, this would not be a basis to refuse to provide discovery altogether, but presents one factor in determining if the discovery should be ordered. Because the Court has rejected the Defendants' contention that the comparator evidence sought by Mr. Benner is irrelevant, the Court also concludes that the privacy concerns do not preclude disclosure. There is a protective order in this case that is likely capable of resolving Defendants' concerns about this information. And plaintiff's counsel indicated at the hearing that he would be open to discussing the manner of production, including agreeing that redactions would be appropriate, non-parties could be referred to by their initials alone, and the terms of the protective order could be revisited if necessary. The Court leaves resolution of these issues to counsel, who have both exhibited professionalism and cooperation throughout the litigation.

**ORDER**

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT** Defendants shall produce documents responsive to Plaintiff's document requests 18, 30, and 31 for each of the 15 teachers identified in Defendants' August 27, 2018 chart.

---

[2]     The Court does not understand Mr. Benner to be requesting production of the other teachers' full personnel files. Indeed, the document requests at issue seek only documents referring or relating to complaints, investigations, and reprimands or discipline. The full personnel files likely contain other information that has no bearing on such issues and need not be disclosed.

Defendants are not required by this Order to produce the entire personnel files for each of these teachers, but only those documents within the personnel files that refer or relate to complaints, investigations, and reprimands. To the extent that Defendants believe the current protective order in this case or appropriate redactions of identities do not address their concerns about non-party privacy and protection of sensitive information, the parties must meet and confer to determine whether alterations to the protective order are required. If an agreement can be reached, the parties should file a stipulation. If the parties disagree about the proper way to facilitate that production, the Court prefers that they raise the issue promptly by filing very concise letters stating their respective positions.

Date: October 5, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge