UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aaron A. Benner,　　　　　　　　　　　Case No. 0:17-cv-01568-SRN-KMM

　　　　　Plaintiff,

v.
　　　　　　　　　　　　　　　　　　　　ORDER

Saint Paul Public Schools, I.S.D. #625
et al.,

　　　　　Defendants.

　　　Pursuant to Local Rule 5.6, the parties filed a joint motion for continued sealing of materials filed under temporary seal in connection with the defendants' motion for summary judgment. (Joint Mot., ECF No. 96; Defs.' Mot. for Summ. J., ECF No. 73.) The parties agree that one document filed under temporary seal should be unsealed: ECF No. 93. **The Clerk is directed to unseal ECF No. 93**.

　　　The parties disagree, however, about the proper treatment for several other documents that were filed under temporary seal. The documents at issue include:

(1) "March 4, 2013, Human Resources investigation-related documents regarding Benner SPPS000564-575" (ECF No. 80);

(2) "November 6, 2014 Human Resources investigation-and-discipline-related documents regarding Benner SPPS000506-519" (ECF No. 81);

(3) "October 8, 2014 Human Resources investigation-and-discipline-related documents regarding Benner, SPPS000495-500, 504-05, 590-592" (ECF No. 82);

1

(4) "February 10, 2015 Human Resources investigation-and-discipline-related documents, SPPS 000520–526, 558–559, 627, 781–788" (ECF No. 83);

(5) "October 29, 2018 Declaration mother of SPPS student" (ECF No. 84);

(6) "Excerpts of SPPS student's mother's deposition, taken in connection with this litigation, pages 1–2, 26–41" (ECF No. 85);

(7) "Complete deposition of student's mother, taken in connection with this litigation" (ECF No. 90); and

(8) "Attendance records of some District teachers (some redactions)" (ECF No. 92).

### *Legal Standards*

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This right of access "is fundamental to ensuring the public's confidence and trust in the judiciary." *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016 at *2 (D. Minn. May 9, 2018). Local Rule 5.6 guides this Court's consideration of a motion to keep judicial documents under seal. Local Rule 5.6 emphasizes the "presumption that the public has a qualified right of access to material filed." *Id.* at *1; L.R.D. Minn. 5.6 Advisory Committee's notes (2017). However, the public's right of access is not absolute. Instead, competing interests, including the party's interest in confidentiality, must be weighed against society's interest in transparency. *E.g.*, *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).

### *The Public's Interest*

In balancing interests implicated by sealing, the Court must consider whether the materials at issue will play a role in the exercise of Article III

2

judicial power and the value public access to the information would have for scrutinizing the work of the federal courts. *See IDT Corp.*, 709 F.3d at 1224. When the district court's engagement with the merits of the case involves consideration of the materials, the public's interest in access is much higher than if the materials "'had little to do with the district court's exercise of judicial power.'" *Id.* (quoting *Riker v. Fed. Bureau of Prisons*, 315 Fed App'x 752, 755 (10th Cir. 2009)).

The public's interest in access the eight documents listed above is greater than if they had been filed in connection with a discovery motion or some other non-dispositive matter. These materials were filed in connection with the Defendants' request that the District Court grant summary judgment in their favor on Mr. Benner's claims. As such, the documents implicate the District Court's exercise of its Article III power. The Court takes this generally strong public interest into account in conducting the balancing test for each of the documents.

### *Items 1–4*

With respect to the first four items on this list (ECF Nos. 80, 81, 82, and 83), the Defendants request that the information be permanently sealed because the Federal Educational Rights and Privacy Act and the Minnesota Government Data Practices Act impose a strict duty on them not to disclose private student data. In particular, they argue that disclosing the materials, even given redactions of identifiers such as names and initials, would reveal enough information for someone in the school community to identify the students at issue. Mr. Benner argues that the redactions made in these exhibits are sufficient to obviate the need for sealing because the remaining information in the Exhibits does not disclose confidential student data. For these documents, the Court finds that the Defendants have demonstrated a strong interest in maintaining the secrecy of the information, especially in light of the regulatory protections at issue. *See* 34 C.F.R. § 99.3(f) (requiring protection for information

3

that "alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty"). The Court notes a heightened interest in protecting the privacy interests of minors. Having reviewed the documents at issue and weighed the public's interest in access to the materials against the strong interest in maintaining the confidentiality of the students' information, the Court agrees with the Defendants that these items should remain under seal. **The Clerk is directed to keep ECF Nos. 80, 81, 82, and 83 under seal.**

### *Items 5–7*

With respect to the next three items on the list (ECF Nos. 84, 85, and 90), the Defendants request that the documents remain sealed because each discloses private student data under the FERPA and MGDPA. Again, Mr. Benner argues that the redactions that have been made to these docket entries are sufficient to eliminate concerns that public access will identify the students at issue. Taking into account the public's strong interest in access to materials that the Defendants use to invoke exercise of the District Court's Article III, the Court nevertheless again finds that the interest in maintaining confidentiality is more substantial. Accordingly, **the Clerk is directed to keep ECF Nos. 84, 85, and 90 under seal.**

### *Item 8*

The last item on the list above (ECF No. 92) is a less thoroughly redacted version of records contained in fully redacted form in another document made publicly available by this Order (ECF No. 93). The Defendants argue that ECF No. 92 includes teacher attendance records that the MGDPA classifies as personnel data that is presumptively private. Specifically, these records indicate sick days taken by other teachers who are not parties in this case, some of which are related to illnesses of their children. Weighing the public's interest in this information against the Defendants' interest in maintaining confidentiality,

the Court concludes that these documents should remain sealed. In particular, the Court notes that the public's interest in transparency is served because the same records are partially available by the parties' agreement that ECF No. 93 can be unsealed. **The Clerk is directed to keep ECF No. 92 under seal.**

    IT IS SO ORDERED

Date: January 18, 2019                              *s/Katherine Menendez*
                                                             Katherine Menendez
                                                              United States Magistrate Judge